J Christopher Jorgensen, Esq.
Nevada Bar No. 5382
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Tel: (702) 949-8200
Fax: (702) 949-8398
bblakley@lewisroca.com

*Attorneys for Defendant Biotronik, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Kim Renee Brummer,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Biotronik, Inc.; Roe "Distributor" Corporation 1; Does 1-20, inclusive; and Roe Corporations 2-20, inclusive,<br><br>　　　　Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441(a), AND 1446**<br><br>**(DIVERSITY)** |

PLEASE TAKE NOTICE that Defendant Biotronik, Inc. ("Biotronik") hereby removes this action, *Kim Renee Brummer v. Biotronik, Inc., et al.*, Case No. A-22-852420-C, Eighth Judicial District Court, Clark County, Nevada, to the United States District Court for the District of Nevada, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Biotronik respectfully states:

1. Kim Renee Brummer ("Plaintiff") filed her Complaint in the State Court on May 11, 2022.

2. Biotronik received a copy of the Summons and Complaint on or about May 12, 2022. The Summons and Complaint are attached hereto as **Exhibits B and C**, respectively.

. . .

. . .

117889592.1

**Jurisdiction and Basis for Removal**

3. This Notice of Removal is timely because it is being filed within 30 days after service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).[1] The time for Biotronik to answer, move, or otherwise plead with respect to the Complaint has not yet expired. *See* **Exhibits B, C**; Nev. R. Civ. P. 12(a).

4. This Court has subject-matter jurisdiction pursuant to 8 U.S.C. § 1332(a)(1), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states."

5. Upon information and belief, Plaintiff is a citizen of the United States. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("[A] defendant's allegations of citizenship may be based solely on information and belief."); *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must (1) be a citizen of the United States, and (2) be domiciled in the state.").

6. Plaintiff is an individual who presently resides in Clark County, Nevada. *See* Complaint at ¶ 1.

7. Plaintiff has resided in Clark County, Nevada, since at least 2016. *See* Complaint at ¶¶ 1, 7.

8. Public records show that an individual named Kim Brummer has owned and paid property taxes on property located in, Henderson, Clark County, Nevada since at least May 12, 2020. *See* **Exhibits D**.

9. Upon information and belief, and based on Plaintiff's identification of Clark County, Nevada as her long-term place of residence and publicly available information demonstrating Plaintiff's ownership of, and payment of taxes on, property located in Clark

---

[1] The parties communicated on June 2, 2022, and agreed to extend the deadline for defendant to answer, move, or otherwise respond to the complaint to June 17, 2022. *See* **Exhibit A**.

117889592.1

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
LEWIS ROCA

County, Plaintiff is domiciled in Nevada. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986) (explaining that courts may consider, *inter alia*, an individual's "current residence," "location of personal and real property," and "payment of taxes" when determining the individual's domicile for purposes of diversity jurisdiction); *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940) ("[T]o constitute domicile there must be both the fact of a fixed habitation of abode in a particular place, and an intention to remain there permanently or indefinitely." (internal quotations omitted)).

10. Because Plaintiff is domiciled in Nevada, Plaintiff is a citizen of Nevada. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is [] determined by her state of domicile.").

11. Biotronik is a corporation incorporated under the laws of Delaware, with its principal place of business in Oregon. *See* Complaint at ¶ 2; **Exhibit E**.

12. Accordingly, there is complete diversity between the parties because Plaintiff is a citizen of the United States and Nevada, and Biotronik is a Delaware corporation with its principal place of business in Oregon. 28 U.S.C. § 1332(c)(1); 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded."); *see Hertz Corp. v. Friend*, 559 U.S. 77, 92–95 (2010) (for diversity purposes, a corporation is a citizen of its state of incorporation and principal place of business, which is "typically found at [the] corporation's headquarters").

13. Plaintiff alleges that a cardiac implantable cardioverter/defibrillator allegedly designed and/or manufactured by Biotronik malfunctioned and fired at least 15 electric shocks to Plaintiff's heart while she was waiting for and being transported to a hospital in an ambulance. Complaint ¶¶ 18-19. Plaintiff alleges she "endured several hours of torture," "endured, and continues to endure medical hardship, intervention, physical pain and suffering, emotional distress and mental anguish," and "was forced to leave the workplace, lapsing into an unplanned retirement that has left her emotionally crushed and languishing" as a result. *See* Complaint ¶¶ 3, 7, 21, 26-28. Regarding Plaintiff's negligence and product

liability claims, she alleges she suffered "certain and severe injuries in an amount in excess of" $15,000, "shock – literal and figurative, emotional injury, suffering, worry, and anxiety, in an amount in excess of" $15,000, "pain, suffering, worry, anxiety, emotional district [sic], all to her general damages in an amount in excess of" $15,000, and "a loss of earning capacity, all to her general damages in an amount in excess of" $15,000. Complaint ¶¶ 39-42, 56-59. Plaintiff's breach of warranty claims and fraudulent misrepresentation claim each allege she suffered "loss of earnings, loss of earning capacity, medical expenses and other damages in an amount in excess of" $15,000. Complaint ¶¶ 66, 72, 81.

14. Because Plaintiff alleges five categories of injuries, each of which allegedly resulted in damages in excess of $15,000, in addition to a demand for punitive damages and attorneys' fees, and based on Plaintiff's allegations of severe and ongoing physical, emotional, and financial injury, it is facially apparent from the Complaint that the amount in controversy exceeds $75,000. *See generally* Complaint; 28 U.S.C. § 1446(c)(2)(A)(ii) (notice of removal may state amount in controversy if "State practice . . . permits recovery of damages in excess of the amount demanded"); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) ("[A] court can determine that removal [is] proper if it is facially apparent that the claims are likely above" the jurisdictional threshold.), *methodology endorsed by Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997), *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

15. Because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

16. Venue is proper in this District because the Complaint alleges the events giving rise to Plaintiff's claims occurred in Clark County, Nevada. *See* 28 U.S.C. §§ 1391(b)(2), 1441(a).

117889592.1

- 4 -

17. In accordance with 28 U.S.C. § 1446(d), written notice hereof is being provided to Plaintiff and a copy of this Notice of Removal is being filed contemporaneously with the State Court.

18. Pursuant to 28 U.S.C. § 1446(b), a copy of the Summons and Complaint filed in the State Court and/or served on Biotronik are attached hereto as **Exhibits B and C**, and the State Court Docket is attached hereto as **Exhibit F**.

19. By filing this Notice of Removal, Biotronik does not waive any defenses to Plaintiff's Complaint.

WHEREFORE, Biotronik removes this action in its entirety from the Eighth Judicial District Court, Clark County, Nevada, to the United States District Court for the District of Nevada, and requests that this Court take any and all further action as is just or appropriate.

DATED this 10th day of June, 2022.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

/s/ *J Christopher Jorgensen*
J Christopher Jorgensen, Esq.
Nevada Bar No. 5382
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-599

*Attorneys for Defendant Biotronik, Inc.*