# EXHIBIT C

Electronically Filed
5/11/2022 11:46 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
CLARK SEEGMILLER, ESQ.
Nevada Bar No. 3873
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 444-4444
Facsimile: (702) 444-4455
Email: clark@richardharrislaw.com
*Attorneys for Plaintiff*

CASE NO: A-22-852420-C
Department 5

DISTRICT COURT

CLARK COUNTY, NEVADA

KIM RENEE BRUMMER

　　　　　　Plaintiff,

vs.

BIOTRONIK, INC.; ROE
"DISTRIBUTOR" CORPORATION 1;
DOES 1-20, INCLUSIVE, and ROE
CORPORATIONS 2-20, INCLUSIVE,

　　　　　　Defendants.

CASE NO:
DEPT NO.

**COMPLAINT FOR DAMAGES:**

1. **Negligence**
2. **Product Liability/Strict Liability**
3. **Breach of Express Warranty**
4. **Breach of Implied Warranty**
5. **Fraudulent Misrepresentation**
6. **Punitive and Exemplary Damages**

COMES NOW, Plaintiff, KIM RENEE BRUMMER, by and through her counsel, CLARK SEEGMILLER, Esq., of the RICHARD HARRIS LAW FIRM, and for cause of action against Defendants, and each of them, complains and alleges as follows:

**JURISDICTION**

1. That Plaintiff KIM RENEE BRUMMER is, and at all times mentioned herein was, a resident of the County of Clark, State of Nevada.

2. Based upon information and belief, Defendant BIOTRONIK, INC. ("BIOTRONIK") is, and at all times mentioned herein was, a Delaware corporation registered as a foreign corporation with the state of Nevada, and since at least 2008 has had significant business

Page 1 of 15

dealing in the state of Nevada, including contracts with the State of Nevada, and deriving substantial economic profits from Nevada. BIOTRONIK is subject to personal jurisdiction in Nevada.

3. BIOTRONIK was at all times mentioned herein engaged in the business of designing, selecting materials for, manufacturing, fabricating, assembling, inspecting, testing, marketing, distributing, advertising, selling, and placing at market in the ordinary course and trade and business and recommending a certain Automated Implantable Cardioverter/Defibrillator and its component parts used by Plaintiff as it was intended to be used at all times and places mentioned herein.

4. Defendant ROE "DISTRIBUTOR" CORPORATION 1, is an unknown entity who was at all times mentioned herein engaged as a distributor of medical devices for Biotronik, Inc, and/or its associated entities or agents. As the specific identity of this party is revealed through discovery, the ROE CORPORATION 1 appellation will be replaced to identify this party by a true name and capacity.

5. Pursuant to NRCP 10(a) and *Nurenberger Hercules-Werke GMBH v. Virostek*, 107 Nev. 873, 822 P.2d 1100(1991), the identity of resident and non-resident defendants designated herein as DOES 1 through 20, and ROE BUSINESS ENTITIES 2 through 20, are presently unknown to Plaintiff, Upon information and belief these DOE and ROE Defendants, and each of them, were involved in the initiation, approval, support, or execution of one or more of the wrongful acts or omissions upon which this action is premised, or of similar actions directed against Plaintiff about which Plaintiff is presently unaware, and which directly and proximately caused injury and damages to Plaintiff. As the specific identities of these parties are revealed through discovery, the DOE or ROE appellation will be replaced to identify these parties by their true names and capacities. Hereinafter reference to Defendants includes DOES and ROES and each of them.

6. That at all times herein mentioned, Defendants, and each of them, hereinabove, were agents, servants, employees, partners, aiders and abettors, co-conspirators, and/or joint venturers of each of the other Defendants named herein and were at all times operating and acting within the purpose and scope of said agency, service, employment,

Page 2 of 15

partnership, enterprise, conspiracy, and/or joint venture, and each Defendant has ratified and approved the acts of each of the remaining Defendants. Each of the Defendants aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff, as alleged herein. In taking action to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoings complained of, as alleged herein, each of the Defendants acted with an awareness of his/her/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

**FACTS COMMON TO ALL CAUSES OF ACTION**

7. That in or about 2016, Plaintiff KIM RENEE BRUMMER was implanted with a certain Cardiac Implantable Cardioverter/Defibrillator and its component parts, including but not necessarily limited to a defibrillator generator identified as the Biotronik Itrevia-7, VR-T, serial #60814323, pacemaker, leads, wires, electrodes, and batteries (hereinafter collectively referred to as "BIOTRONIK DEVICE.")

8. Upon information and belief there are additional products used in conjunction with the BIOTRONIK DEVICE, not implanted in the body, which include the monitor/transmitter identified as the CardioMessenger Smart 3G, the components are likewise incorporated into the reference of "BIOTRONIK DEVICE."

9. That the products comprising the BIOTRONIK DEVICE may vary in product names, trade names, trademarks, and service marks, and upon information could include additional unknown products.

10. That BIOTRONIK, its affiliates and related companies, made certain promises, warranties, representations, and contractual obligations of service to Plaintiff KIM RENEE BRUMMER as follows: 24-hour, seven day per week equipment support; Technical support by phone, email, website; 24-hour seven day per week medical advice from BIOTRONIK staff, including its affiliates and related companies, assistants, nurses

Page 3 of 15

and contracted physicians, relating to the BIOTRONIK DEVICE; and/or the product life of the BIOTRONIK DEVICE was promised to Plaintiff KIM RENEE BRUMMER in that the BIOTRONIK DEVICE would last a significant amount of time after implantation; upon information and belief, at least 60 months.

11. Upon information and belief the BIOTRONIK DEVICES and its component parts are "combined products" subject to the Current Good Manufacturing Practice Requirements issued by the Food and Drug Administration, and codified under the U.S. Code of Federal Regulation Title 21.

12. Upon information and belief the BIOTRONIK DEVICE is a FDA Device Class 3 product.

13. The BIOTRONIK DEVICE is a medical device that was implanted under the skin of the chest of Plaintiff KIM RENEE BRUMMER in order to track her heart rate and heart rhythm.

14. That when functioning properly the BIOTRONIK DEVICE detects when a patient's heart, such as that of Plaintiff KIM RENEE BRUMMER, beats too fast or is out of rhythm.

15. That when functioning properly, the BIOTRONIK DEVICE is designed to send a shock or fire to get the heart back into rhythm or otherwise create a corrective action in the heart.

16. That when functioning properly, the BIOTRONIK DEVICE is purposed to prevent a heart attack, cardiac arrest, death, or other traumatic cardiac event.

17. That on June 6, 2020, the BIOTRONIK DEVICE implanted in Plaintiff KIM RENEE BRUMMER repeatedly malfunctioned and did not perform as warranted, as intended, and as per contract between BIOTRONIK and Plaintiff KIM RENEE BRUMMER.

18. That on June 6, 2020, despite there being no preliminary cardiac indicator such as an irregular heartbeat or rhythm, the BIOTRONIK DEVICE fired at least five additional electric shocks while Plaintiff KIM RENEE BRUMMER was awaiting the arrival of an ambulance.



19. That on June 6, 2020, despite there being no preliminary cardiac indicator such as an irregular heartbeat or rhythm, the BIOTRONIK DEVICE fired at least ten additional electric shocks while Plaintiff KIM RENEE BRUMMER was being transported via ambulance from her home to the hospital.

20. That as the BIOTRONIK DEVICE repeatedly fired, Plaintiff KIM RENEE BRUMMER was awake and alert, fully aware of the electronic shocks being administered to her body.

21. That the BIOTRONIK DEVICE implanted in Plaintiff KIM RENEE BRUMMER malfunctioned and/or failed and/or fractured.

22. Upon information and belief, the actions of the BIOTRONIK DEVICE on June 6, 2020, wherein it repeatedly administered electric shocks to Plaintiff KIM RENEE BRUMMER was caused as a direct result of BIOTRONIK's failure to design, select materials for, manufacture, fabricate, assemble, inspect, test, and/or placing at market the BIOTRONIK DEVICE.

23. Upon information and belief Plaintiff KIM RENEE BRUMMER was told the BIOTRONIK DEVICE was necessary for the continued health of her heart, and that the BIOTRONIK DEVICE would last a lifetime and that the BIOTRONIK DEVICE had a warranty and guarantee of at least 60 months, and/or Plaintiff KIM RENEE BRUMMER was told the BIOTRONIK DEVICE had a longer device life than it actually did and the BIOTRONIK DEVICE malfunctioned prior to the represented warranted.

24. BIOTRONIK has falsely stated that the BIOTRONIK DEVICE, and similar products, that are the subject of these proceedings have product life with proven performance. BIOTRONIK has falsely stated that its product is 99% safe or more, and that its malfunction rate is 0-1% for any part of the components of the BIOTRONIK DEVICE.

25. The BIOTRONIK DEVICE implanted in Plaintiff KIM RENEE BRUMMER malfunctioned, broke, fractured, the battery depleted, the leads failed, the electrodes failed, or otherwise malfunctioned after only a few years post-implant. The exact cause of the failure is not yet known or remains to be determined. The BIOTRONIK DEVICE failed to comply with the warranty that was provided to Plaintiff KIM RENEE



BRUMMER directly to her and/or through her physicians, medical providers, sales representatives and/or medical assistants.

26. As a direct and proximate result of the failure of the BIOTRONIK DEVICE, Plaintiff KIM RENEE BRUMMER endured several hours of torture as she received repeated electric shocks.

27. As a direct and proximate result of the failure of the BIOTRONIK DEVICE, Plaintiff KIM RENEE BRUMMER endured, and continues to endure medical hardship, intervention, physical pain and suffering, emotional distress and mental anguish.

28. As a direct and proximate result of the failure of the BIOTRONIK DEVICE, Plaintiff KIM RENEE BRUMMER was forced to leave the workplace, lapsing into an unplanned retirement that has left her emotionally crushed and languishing.

29. As a direct and proximate result of the negligence, acts, omissions, and/or defective products of the Defendants, and each of them, Plaintiff KIM RENEE BRUMMER suffered certain and severe injuries in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

30. As a direct and proximate result of the negligence, acts, omissions, and/or defective products of the Defendants, and each of them, Plaintiff KIM RENEE BRUMMER sustained general damages including shock – literal and figurative, emotional injury, suffering, worry, and anxiety, in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

31. As a further direct and legal result of the aforesaid negligent acts and omissions and/or defective products of Defendants, and each of them, Plaintiff KIM RENEE BRUMMER has had and will in the future have, pain, suffering, worry, anxiety, emotional district, all to her general damages in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

32. As a further direct and legal result of the aforesaid negligent acts and omissions and/or defective products of Defendants, and each of them, Plaintiff KIM RENEE BRUMMER has suffered a loss of earning capacity, all to her general damages in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

33. As a further direct and legal result of the aforesaid negligent acts and omissions and/or defective products of Defendants, and each of them, Plaintiff KIM RENEE BRUMMER was required to and did incur expenses for services of hospitals, doctors, and other medical expenses, and will be required to incur additional future medical expenses, in an amount to be proven at trial in an amount in excess to the jurisdictional threshold of this Court.

**FIRST CLAIM FOR RELIEF**
**(Negligence as to all Defendants)**

34. Plaintiff incorporates all of the preceding paragraphs of the Complaint as though fully set forth herein.

35. At all times mentioned herein, Defendant BIOTRONIK negligently designed, selected materials for, manufactured, fabricated, assembled, inspected, tested, marketed, distributed, advertised, sold, and/or placed at market the BIOTRONIK DEVICE implanted in Plaintiff.

36. At all times relevant herein Defendant BIOTRONIK by virtue of the submission of its products to the FDA, and obtaining approval by the FDA, held itself out as having special expertise in the production of Automated Implantable Cardioverter/Defibrillators such as the BIOTRONIK DEVICE. As such, Defendants owed Plaintiffs a duty to use reasonable care in the manufacture, fabrication, assembly, inspection, test, market, distribution, selling, and/or placing at market of the BIOTRONIK DEVICE.

37. Defendants, and each of them, breached their duty to Plaintiff by designing, manufacturing, testing, supplying and/or selling a medical device that was defective.

38. Defendants' negligence directly and proximately caused Plaintiff serious injury.

39. As a direct and proximate result of the negligence, acts, omissions, and/or defective products of the Defendants, and each of them, Plaintiff KIM RENEE BRUMMER suffered certain and severe injuries in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

40. As a direct and proximate result of the negligence, acts, omissions, and/or defective products of the Defendants, and each of them, Plaintiff KIM RENEE BRUMMER



RICHARD HARRIS LAW FIRM

sustained general damages including shock – literal and figurative, emotional injury, suffering, worry, and anxiety, in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

41. As a further direct and legal result of the aforesaid negligent acts and omissions and/or defective products of Defendants, and each of them, Plaintiff KIM RENEE BRUMMER has had and will in the future have, pain, suffering, worry, anxiety, emotional district, all to her general damages in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

42. As a further direct and legal result of the aforesaid negligent acts and omissions and/or defective products of Defendants, and each of them, Plaintiff KIM RENEE BRUMMER has suffered a loss of earning capacity, all to her general damages in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

43. As a further direct and legal result of the aforesaid negligent acts and omissions and/or defective products of Defendants, and each of them, Plaintiff KIM RENEE BRUMMER was required to and did incur expenses for services of hospitals, doctors, and other medical expenses, and will be required to incur additional future medical expenses, in an amount to be proven at trial in an amount in excess to the jurisdictional threshold of this Court.

44. As a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**SECOND CLAIM FOR RELIEF**
**(Product Liability/Strict Product Liability as to All Defendants)**

45. Plaintiff incorporates all of the preceding paragraphs of the Complaint as though fully set forth herein.

46. The product which caused injury and damage to Plaintiff KIM RENEE BRUMMER on June 6, 2020, is the BIOTRONIK DEVICE.

47. At the time the BIOTRONIK DEVICE was designed, manufactured, fabricated, assembled, inspected, tested, marketed, distributed, advertised, sold, and/or placed at market it was defective.



48. On or about June 6, 2020, the defective design, manufacture or assembly of the BIOTRONIK DEVICE caused to to unexpectedly fail to function in a manner reasonably expected by an ordinary consumer and user.

49. The defective design of the BIOTRONIK DEVICE was the probable cause of Plaintiff's damages and injuries.

50. BIOTRONIK designed, manufactured, marketed, and/or sold the BIOTRONIK DEVICE, and at the time it did so, BIOTRONIK was in the business of designing, manufacturing, and selling medical devices like the BIOTRONIK DEVICE in question.

51. Upon information and belief from the time the BIOTRONIK DEVICE left the possession of BIOTRONIK until June 6, 2020, it remained in substantially similar condition as it was at the time it left the possession of BIOTRONIK.

52. BIOTRONIK is liable under the doctrine of strict product liability for placing the subject BIOTRONIK DEVICE into the stream of commerce and is liable for the injuries and damages produced by the defects in the BIOTRONIK DEVICE.

53. The BIOTRONIK DEVICE was defective at the time it was designed, manufactured, marketed, and distributed. The defective nature of the BIOTRONIK DEVICE, included by may not be limited to, conditions which allowed it to emit multiple electronic shocks or fires into Plaintiff's heart when not medically warranted.

54. At the time the BIOTRONIK DEVICE was implanted in Plaintiff, the defective design caused the product to unexpectedly fail to function and/or operate in a manner reasonably expected by an ordinary consumer or patient such as Plaintiff.

55. At the time the BIOTRONIK DEVICE left the possession of BIOTRONIK, it did not have adequate warnings of the products dangers that were known by, or should have been known by BIOTRONIK.

56. As a direct and proximate result of the negligence, acts, omissions, and/or defective products of the Defendants, and each of them, Plaintiff KIM RENEE BRUMMER suffered certain and severe injuries in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).



57. As a direct and proximate result of the negligence, acts, omissions, and/or defective products of the Defendants, and each of them, Plaintiff KIM RENEE BRUMMER sustained general damages including shock – literal and figurative, emotional injury, suffering, worry, and anxiety, in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

58. As a further direct and legal result of the aforesaid negligent acts and omissions and/or defective products of Defendants, and each of them, Plaintiff KIM RENEE BRUMMER has had and will in the future have, pain, suffering, worry, anxiety, emotional district, all to her general damages in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

59. As a further direct and legal result of the aforesaid negligent acts and omissions and/or defective products of Defendants, and each of them, Plaintiff KIM RENEE BRUMMER has suffered a loss of earning capacity, all to her general damages in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

60. As a further direct and legal result of the aforesaid negligent acts and omissions and/or defective products of Defendants, and each of them, Plaintiff KIM RENEE BRUMMER was required to and did incur expenses for services of hospitals, doctors, and other medical expenses, and will be required to incur additional future medical expenses, in an amount to be proven at trial in an amount in excess to the jurisdictional threshold of this Court.

61. As a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### THIRD CLAIM FOR RELIEF
**(Breach of Express Warranty as to All Defendants)**

62. Plaintiff incorporates all of the preceding paragraphs of the Complaint as though fully set forth herein.

63. BIOTRONIK and its patient, Plaintiff KIM RENEE BRUMMER entered into a contract for goods, specifically the BIOTRONIK DEVICE.

64. At all times herein mentioned, BIOTRONIK by and through the sale of the BIOTRONIK DEVICE, expressly warranted to the public generally, and to Plaintiff specifically, that the BIOTRONIK DEVICE and its component parts was fit and safe for the purposes for which it was intended.

65. The BIOTRONIK DEVICE manufactured and/or distributed by BIOTRONIK did not conform to the warranty in that it was unfit and unsafe for its intended uses and purposes because of design, manufacturing, and marketing defects that caused and enhanced the injuries to Plaintiff because the BIOTRONIK DEVICE had no fail-safe alternative and as such continued to administer repeated electrical shocks to Plaintiff's heart and body.

66. BIOTRONIK breached its warranty. Specifically it breached express warranties of merchantability and fitness which breach was the proximate cause of Plaintiff's injuries, including but not limited to loss of earnings, loss of earning capacity, medical expenses and other damages in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

67. As a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### FOURTH CLAIM FOR RELIEF
**(Breach of Implied Warranty – As to All Defendants)**

68. Plaintiff incorporates all of the preceding paragraphs of the Complaint as though fully set forth herein.

69. BIOTRONIK and its patient, Plaintiff KIM RENEE BRUMMER entered into a contract for goods, specifically the BIOTRONIK DEVICE.

70. At all times herein mentioned, BIOTRONIK by and through the sale of the BIOTRONIK DEVICE, impliedly warranted to the public generally, and to Plaintiff specifically, that the BIOTRONIK DEVICE and its component parts was fit and safe for the purposes for which it was intended.

71. The BIOTRONIK DEVICE manufactured and/or distributed by BIOTRONIK did not conform to the warranty in that it was unfit and unsafe for its intended uses and purposes because of design, manufacturing, and marketing defects that caused and enhanced the

injuries to Plaintiff because the BIOTRONIK DEVICE had no fail-safe alternative and as such continued to administer repeated electrical shocks to Plaintiff's heart and body.

72. BIOTRONIK breached its warranty. Specifically it breached implied warranties of merchantability and fitness which breach was the proximate cause of Plaintiff's injuries, including but not limited to loss of earnings, loss of earning capacity, medical expenses and other damages in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

73. As a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## FIFTH CLAIM FOR RELIEF
### (Fraudulent Misrepresentation as to All Defendants)

74. Plaintiff incorporates all of the preceding paragraphs of the Complaint as though fully set forth herein.

75. That on or before 2017, Defendant BIOTRONIK marketed its BIOTRONIK DEVICE, and related components as a technology that would provide better care to its patients.

76. That the most simple interpretation of the multiple shocks administered to Plaintiff by the BIOTRONIK DEVICE would not find that BIOTRONIK provided better care to Plaintiff.

77. That BIOTRONIK has extensive access to the ability to test its products and components including the BIOTRONIK DEVICE.

78. That BIOTRONIK knew or should have known that it's BIOTRONIK DEVICE would not provide better care to Plaintiff, but would administer multiple electric shocks to her heart over a period of hours when the situation was not medically warranted.

79. That BIOTRONIK's representation of the performance and safety of its BIOTRONIK DEVICE was fraudulent.

80. That BIOTRONIK fraudulently misrepresented the suitability, safety and/or performance of the BIOTRONIK DEVICE and/or its components in order to cause

Plaintiff to consent to the implantation of the product to secure payment from Plaintiff's insurer and/or to increase BIOTRONIK's number of case studies.

81. That Plaintiff KIM RENEE BRUMMER was damaged as a result of BIOTRONIK's fraudulent misrepresentation, her injuries, including but not limited to loss of earnings, loss of earning capacity, medical expenses and other damages in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

82. As a direct and proximate result of Defendants' fraudulent misrepresentation, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### SIXTH CLAIM FOR RELIEF
(Punitive and Exemplary Damages - BIOTRONIK)

83. Plaintiff incorporates all of the preceding paragraphs of the Complaint as though fully set forth herein.

84. In committing the acts described above, Defendant BIOTRONIK, and each of them were guilty of malice, oppression, and conscious disregard as those terms are defined by NRS 42.001.

85. Specifically, as alleged in detail hereinabove, Plaintiff is informed and believed that Defendant BIOTRONIK, developed, designed, assembled, manufactured, marketed, advertised, inspected, distributed and sold the BIOTRONIK DEVICE knowing that it was defective and dangerous and likely to cause severe debilitating injuries to users or patients using the device in foreseeable circumstances..

86. BIOTRONIK has acted in conscious disregard for the rights and safety of others amounting to oppression, or in the alternative, malice.

87. Upon information and belief that BIOTRONIK has a history of manufacturing problems with products that are similar to the BIOTRONIK DEVICE implanted in Plaintiff KIM RENEE BRUMMER.

88. Upon information and belief that BIOTRONIK has a history of utilizing non-conforming materials in products that are similar to the BIOTRONIK DEVICE implanted in Plaintiff KIM RENEE BRUMMER.



89. Upon information and belief that BIOTRONIK has a history of software defects with products that are similar to the BIOTRONIK DEVICE implanted in Plaintiff KIM RENEE BRUMMER.

90. BIOTRONIK knew or should have known how to design and/or manufacture a medical device such as the BIOTRONIK DEVICE to significantly mitigate the possibility that the device would emit multiple electric shocks to the wearer, Plaintiff, over a period of hours.

91. Because Plaintiff could not simply remove the BIOTRONIK DEVICE, Defendant BIOTRONIK had a specific duty to avoid placing an unreasonably dangerous product in the marketplace for implantation into a human body such as that of Plaintiff KIM RENEE BRUMMER.

92. Despite this specific knowledge, BIOTRONIK consciously disregarded its ability to make design changes and safety features, including a fail-safe switch, which created the risk of serious harm to patients implanted with its BIOTRONIK DEVICE.

93. The acts and/or omissions of BIOTRONIK, and each of them, were either committed by or authorized, ratified, or otherwise approved by the officers, directors, and/or managing agents of BIOTRONIK, or were carried out unfairly in bad faith, or in an oppressive, fraudulent, malicious, deliberate, callous, intentional and/or unreasonable manner, causing injury and damage to Plaintiff, and these acts were done with conscious disregard to Plaintiff's rights.

94. Accordingly, Plaintiff should recover, in additional to actual damages, punitive and exemplary damages, the amount of which is not subject to cap pursuant to NRS 42.005(1).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays judgment against the Defendants, and each of them, as follows:

1. General damages sustained by Plaintiff in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

2. Special damages sustained by Plaintiff in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

3. Medical and incidental expenses already incurred and to be incurred;

4. Punitive and exemplary damages;

5. Reasonable attorney's fees and costs of suit;

6. Interest at the statutory rate; and

7. For such other relief as the Court deems just and proper.

DATED THIS 11ᵀᴴ day of May, 2022.

**RICHARD HARRIS LAW FIRM**

*/s/ Clark Seegmiller*
CLARK SEEGMILLER, ESQ.
Nevada Bar No. 3873
801 South Fourth Street
Las Vegas, NV 89101
*Attorneys for Plaintiff*



Page 15 of 15